### AERHEART v. ST. LOUIS, I. M. & S. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. February 19, 1900.)

### No. 1,178.

1. **TRIAL—INSTRUCTIONS—COMMENTING UPON EVIDENCE.**
     It is a well-settled rule in the federal courts that a trial judge may make comments upon the evidence in his charge, and express his opinion as to what the evidence does or does not conduce to prove, provided the jury are ultimately left at full liberty to determine all issues of fact.
2. **SAME—INSTRUCTION IN ABSENCE OF COUNSEL.**
     While a trial court should refrain from instructing a jury in the absence of counsel, when it can do so conveniently, it is not reversible error for a court to give further instructions in explanation of its previous charge, in compliance with a request from the jury, although counsel for neither of the parties is present, where such instruction is given in open court, during a regular session, when counsel might reasonably have been expected to be in attendance.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Sterling P. Bond, for plaintiff in error.

Henry G. Herbel (Martin L. Clardy, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This case comes on a writ of error from the circuit court of the United States for the Eastern district of Missouri, in which court Loney Aerheart, the plaintiff in error, by his next friend, brought an action against the St. Louis, Iron Mountain & Southern Railway Company, the defendant in error, charging, in substance, that one of its employés unlawfully assaulted him with a revolver, and threatened to shoot him, as he was attempting to steal a ride on one of the freight trains of the defendant company, and that by reason of such unlawful assault the plaintiff, who was about 16 years old, was greatly frightened, and took refuge under said freight train, where his foot was caught and crushed in such a manner that it had to be amputated. The plaintiff's own testimony, as given at the trial, did not conform in some respects to the allegations of his complaint, but tended to show substantially the following facts: That while one of the defendant's trains was lying at a station the plaintiff crept up a ladder on the side of one of the cars, intending to secure a place to ride on the top of the train; that, as his head appeared above the roof of the car, one of the defendant's brakemen moved towards him with a revolver in his hand, and threatened to shoot; that out of sheer fright the plaintiff fell from the ladder between the cars; and that one of his feet was run over by a wheel of the car, and crushed. The trial court, however, in its charge ignored the variance between the proof and the pleadings, and instructed the jury, in substance, that, if they credited the boy's statement as to the manner in which the injuries complained of were sustained, they should render a verdict in his favor. It further instructed the jury, in substance, that, while persons who attempt to steal rides on railroad trains may be put off from the same by the exercise of sufficient force, yet that a railroad company cannot in such cases use unreasonable force, or act in such a way as will necessarily occasion bodily injury to one who is thus ejected from a train.

The testimony offered by the defendant was to the following effect: That the plaintiff was injured by attempting to go underneath a freight car with a view of stealing a ride, and concealing himself from the persons in charge of the train, while the train was moving slowly along a siding waiting for the passage of another train; that a few moments before the accident occurred, as the plaintiff and some other boys were running along the side of the train with the evident purpose of boarding it and stealing a ride, they were warned by one of the brakemen to desist from such efforts; that no pistol was drawn on the occasion in question, or threats made to use one, if they persisted in their efforts to board the train; and that immediately after the accident the plaintiff himself admitted to several persons that he had

attempted to run under the train while it was in motion, and that the injuries which he had sustained were due to his own fault.   The jury found in favor of the defendant, believing, no doubt, that the defendant's witnesses had described the circumstances under which the injuries were sustained with substantial accuracy.

The record, as presented to this court, fails to disclose any error in the proceedings of the trial court.   The plaintiff was allowed to submit his case to the jury on the facts which he testified to at the trial, although they differed in some material respects from the facts stated in his complaint, and the jury were instructed to find in his favor on the case made by his own evidence, if they believed his statements to be true.   It is obvious, we think, that the plaintiff ought not to complain of such action, since it afforded him an opportunity to have his rights determined by the jury on the case as he made it on the witness stand, and under instructions from the court which were as favorable as he could either expect or desire.

The only incident of the trial which affords any reasonable ground for complaint is the action of the trial court in giving a supplementary instruction to the jury in the absence of counsel for the respective parties.   This action forms the basis for one of the assignments of error.   The bill of exceptions recites, in substance, that after the jury had had the case under consideration for some time, and had not reached an agreement, they returned to the court room, and advised the court, through their foreman, that some of the jurors did not understand what was meant by the phrase, "a preponderance of proof," that had been employed in the charge as originally given; that thereupon the court explained what was meant by the phrase, and referred to the evidence in the case by way of illustration, and commented upon the same substantially as it had done in the original charge, and finally expressed the opinion that the plaintiff had not made out his case by that measure of proof which the law required. The bill of exceptions further recites that the court at the same time clearly informed the jury that, notwithstanding the opinion which it had expressed, the jury were the sole judges of the facts, and had the right to disregard the opinion of the court on questions of fact, if it did not accord with their own.   The bill of exceptions further discloses that this supplemental charge was given to the jury during a regular session of the court, in the presence of the plaintiff, who was in attendance, but in the absence of counsel for the respective parties, who had absented themselves from the court room at a time when they might reasonably have been expected to be in attendance.

In the assignment of errors it is alleged that "the parts of the charge of the court to the jury given in the absence of counsel for plaintiff were improper and illegal."   If this assignment be understood as relating to the substance of the supplemental charge, it is untenable, because it is a well-settled rule in the federal courts that a trial judge may make comments upon the evidence, and express his opinion as to what the evidence does or does not conduce to prove, provided the jury are ultimately left at full liberty to dispose of all issues of fact as they may deem best.   Rucker v. Wheeler, 127 U. S.

85, 93, 8 Sup. Ct. 1142, 32 L. Ed. 102; Railroad Co. v. Putnam, 118 U. S. 545, 553, 7 Sup. Ct. 1, 30 L. Ed. 257; Van Gunden v. Iron Co., 8 U. S. App. 229, 273, 3 C. C. A. 294, 52 Fed. 838; Doyle v. Railway Co., 147 U. S. 413, 13 Sup. Ct. 333, 37 L. Ed. 223. We apprehend, however, that the assignment in question was intended to allege error because the supplementary instruction, although correct in substance, was given in the absence of the plaintiff's attorney, and that point will be noticed, although it is not specifically assigned.

The practice of sending written instructions to the jury room, or holding other written communication with the jury, after they have retired to consider their verdict, without the knowledge of counsel for the respective parties, has been condemned in numerous well-considered cases, and has only been upheld in a few instances. Chouteau v. Iron Works, 94 Mo. 388, 7 S. W. 467; State v. Patterson, 45 Vt. 308; Bank v. Mix, 51 N. Y. 558; O'Connor v. Guthrie, 11 Iowa, 80; Campbell v. Beckett, 8 Ohio St. 210; Hoberg v. State, 3 Minn. 262 (Gil. 181). See, contra, Bassett v. Manufacturing Co., 28 N. H. 457; Goldsmith v. Solomons, 2 Strob. 296. It will accordingly be conceded that such practice is erroneous, and ought not to be sanctioned. In the present instance, however, the trial judge did not hold written communication with the jury, or send instructions to their room, but called the jury into court while it was in session, and gave them such further advice as they requested with reference to a phrase used in its original charge. Moreover, the record shows that the comments made concerning the evidence, while explaining the meaning of the phrase "a preponderance of proof," were substantially the same as those that had been made in the course of the original charge, and it does not appear that the supplementary instruction was erroneous, so far as it dealt with matters of law, or that the court exceeded its powers in expressing its opinion as to the weight of proof. Under these circumstances, it is manifest that the action of the court was not of such a character as to warrant a reversal of the judgment. A trial court should refrain from instructing juries in the absence of counsel for the respective parties, when it can do so conveniently, particularly when the supplemental charge covers propositions of law not dealt with by the original charge. But, if counsel interested in a cause which is on trial and undetermined see fit to absent themselves from the court room when their presence may be required at any moment, the court is not thereby required to suspend its proceedings until they return. Stewart v. Ranche Co., 128 U. S. 383, 390, 9 Sup. Ct. 101, 32 L. Ed. 439. In the present case we think that it was within the discretion of the trial judge to act as he did in the matter of answering the inquiry of the jury, and that the action taken does not constitute a reversible error.

No other errors have been assigned which are of sufficient moment to require special notice. Under the charge given by the trial court, the jury must have found that the plaintiff was not assaulted, either in the manner alleged in his complaint or in the manner described in his testimony, but that the injuries were occasioned by his attempting to run under a moving freight car, either with a view of getting on the other side of the train, or of secreting himself at some place underneath the car. The judgment below is accordingly affirmed.