CHAS. H. LILLY CO. v. BRENT. †

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,825.

SALES (§ 88*)—CONSTRUCTION OF CONTRACT FOR SALE OF SEED—WEIGHT OF BUSHEL—QUESTION FOR JURY.

Plaintiff, a seed dealer in Kentucky, by letter offered defendant, a dealer in Seattle, blue grass seed "at $1.40 per bu. f. o. b. cars," guaranteeing "that it will test 21 pounds to the measured bushel." Defendant accepted by wire confirmed by letter, describing the purchase as "One minimum car * * * blue grass seed weighing 21 lbs. to the bushel at $1.40 per bushel f. o. b. cars." Plaintiff wrote: "Yours * * * confirming purchase of blue grass seed from us duly to hand and seems to be correct. * * * Kentucky blue grass seed testing 21# to the

---

measured bushel at $1.40 per bu. (14#) f. o. b. cars here." The seed was shipped, and the controversy between the parties was as to whether, under the contract, 14 or 21 pounds constituted a bushel. Plaintiff alleged, and offered evidence tending to prove, that by custom in the seed trade 14 pounds was a bushel, while defendant denied the custom, and introduced evidence tending to prove that it did not exist west of the Missouri river, and that defendant had never heard of it. *Held*, that the contract on its face was ambiguous as to the number of pounds to be delivered for a bushel, and that under the evidence the question was one for the jury.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 248–250; Dec. Dig. § 88.*]

In Error to the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Action at law by N. Ford Brent against the Charles H. Lilly Company. Judgment for plaintiff (174 Fed. 877), and defendant brings error. Reversed.

John H. Allen and Walter B. Allen, for plaintiff in error.
Harold Preston and E. M. Carr, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. Both parties to this action are engaged in the seed business. The defendant in error was plaintiff in the court below, where he brought the action to recover of the plaintiff in error, defendant below, $3,024 for a certain carload of 270 bags of fancy cleaned true Kentucky blue grass seed of the alleged weight of 30,240 pounds, with interest and costs, alleged by the plaintiff to have been shipped to the defendant in pursuance of certain correspondence set forth in the complaint, consisting of a letter of the plaintiff to the defendant of date June 17, 1908, a telegram from the defendant to the plaintiff of date June 22, 1908, and a letter from the defendant to the plaintiff of date August 3, 1908. Those letters and that telegram are as follows:

"Chas. S. Brent & Bro.
"Paris, Ky., June 17, 1908.

"Mess. Chas. H. Lilly & Co., Seattle, Wash.—Dear Sirs: We offer you, for wire acceptance and if unsold 325 bags of Fancy Cleaned True Kentucky Blue Grass Seed at $1.40 per bu., f. o. b. cars here, August, Sept. or October shipment. Samples of the new crop will not be ready before the first of August, but we will guarantee to deliver only new crop and that it will test 21 pounds to the measured bushel. Hoping to be favored with your order, we are
"Yours truly, Chas. S. Brent & Co."

"Seattle, Wn., June 22.

"Chas. S. Brent & Bro.
"Book order one minimum car Kentucky blue grass, yours 17th.
"The Chas. H. Lilly Co."

"Seattle, August 3, 1908.

"Chas. S. Brent & Bro., Paris, Kentucky—Gentlemen: Referring to our requisition No. 7272, June 22d, please ship Kentucky blue grass at your earliest convenience. We are advised that minimum car load weight is 30,000 pounds

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and through rate $1.35. Please route via L. & N., St. Louis, C. B. & Q. and N. P.

"Yours truly,                    The Chas. H. Lilly Co., Per N. H. Nivision.

The complaint also contained this allegation:

"That by the general custom of seed merchants in the United States of America, existing during all of the year 1908 and long prior thereto and ever since, the weight of a bushel of Kentucky blue grass seed was and is fixed at 14 pounds for the purpose of ascertaining and determining the price or value of any quantity of such seed sold at a fixed rate per bushel. That at all times herein mentioned the said general custom of seed merchants was well known to the defendant as well as to the plaintiff, and all of the dealings between the plaintiff and defendant, hereinafter alleged and described were made subject to and controlled by said general custom."

By its answer the defendant put in issue the allegations of the complaint in respect to the custom of seed merchants.

The defendant admitted the correspondence set out in the complaint and above quoted, and set up in defense that the defendant, on or about June 22, 1908, purchased of the plaintiff the blue grass seed referred to in the foregoing correspondence, upon the following written requisition, to wit:

"The Chas. H. Lilly Co.
"Established 1885.

"No. 7,272.
"Five requisition number.

"Send bill in duplicate to Seattle.
"Purchase Contract.

"Seattle, June 22, 1908.

"Chas. S. Brent & Bro., Paris Kentucky:
"Ship to the Chas. H. Lilly Co., Seattle, Wash.
"Ship when—Aug.  Sent Oct., 1908, our option.
"No drayage allowed on this order.
"The following articles:
"One minimum car New Crop Fancy Cleaned True Kentucky Blue Grass Seed weighing 21 lbs. to the bushel at $1.40 per bushel, 'F. o. b. cars Paris, Ky.'
"Per your quotation June 17th.
"Confirming our wire to you this date as follows: 'Book order one minimum car Kentucky Blue Grass Yours Seventeenth.'

"Ordered by F. L.

"Date received 9/15.
"Amt. received 30,240.
"Tally sheet 5.634.
"Invoice date 8/22.
"Amount 2,006.67.
"Freight 408.24.
"Paid Sep. 15, 1908."

The answer alleged that thereafter, to wit, on or about August 23, 1908, the plaintiff loaded on board car at Paris, Ky., 30,240 pounds of such seed, amounting to 1,440 bushels, and shipped the same to the defendant, in payment of which the defendant tendered to the plaintiff $2,016 in accordance with the contract between the parties, having previously paid freight and other charges thereon, and that it continues such tender.

The case was tried before the court with a jury, and upon the conclusion of all of the evidence a peremptory verdict for the plaintiff was directed by the court and accordingly returned, to which action an exception was reserved by the defendant.

The record shows that the real controversy between the parties was whether the contract called for 14 or 21 pounds of seed to the bushel. The alleged custom among seedmen to regard 14 pounds of such seed as constituting a bushel was put in issue by the answer, and, while there was much testimony on behalf of the plaintiff tending to support his allegation in that regard, the defendant introduced testimony tending to show that the custom did not exist west of the Missouri river, that it never heard of such custom, and that in the Seattle market the custom was to buy and sell by the pound only. The court below, in passing upon the motion for a new trial which was made, recognized the correctness of the obvious point that, if the question of such custom was an open one, the case should have been submitted to the jury; but the learned judge was of the opinion that the correspondence precluded the defendant from disputing the claim of the plaintiff that 14 pounds of such seed constituted a bushel according to the terms of the contract.

Is that so? In the first place, it is to be noted that the plaintiff's evidence in respect to the custom was admitted over the defendant's objection and exception; the objection being that there was no ambiguity about the written contract, but, on the contrary, that it was clear and specific to the effect that a bushel was to consist of 21 pounds of seed. The only ground for the admission of such evidence was that it might aid in the true construction of the contract. If needed for that purpose, it was clearly a matter for the jury, since the evidence upon the subject was conflicting; and such could only have been the theory upon which the alleged custom was set up in the complaint.

The original offer of the plaintiff to the defendant was "325 bags of Fancy Cleaned True Kentucky Blue Grass Seed at $1.40 per bu., f. o. b. cars" at Paris, Ky., guaranteed to "test 21 pounds to the measured bushel," August, September, or October shipment. The defendant's telegraphic response of date June 22d to that offer was, "Book order one minimum car Kentucky blue grass, yours 17th." This telegram was followed on the same day by the defendant's "requisition" (Form No. 7,272) confirming its telegram, and expressly describing the article ordered as: "One minimum car New Crop Fancy Cleaned True Kentucky Blue Grass Seed weighing 21 lbs to the bushel at $1.40 per bushel, f. o. b. cars Paris, Ky. Per your quotation June 17th."

This requisition or order was answered by the plaintiff under date June 27, 1908, as follows:

"Paris, Ky., June 27–1908.

"The Chas. H. Lilly Co., Seattle, Wash.—Gentlemen: Yours of the 22d (yours No. 7,272) confirming purchase of Blue Grass Seed from us duly to hand and seems to be correct. 325 bags Fancy Cleaned True Kentucky Blue Grass Seed, testing 21# to the measured bushel, at $1.40 per bu. (14#) f. o. b. cars here. While the shipment is optional with you as to Aug., Sept., or October yet we would like for you to express your preference now so that there will be no delay in making the shipment when you want it. You understand that we are generally very much rushed during these months and would not like to sell to others up to capacity for August and then learn that you wanted your car shipped that month. Awaiting your further favors,

"Yours very truly, Chas. S. Brent & Bro."

In reply to the foregoing letter of June 27th, the defendant wrote as follows:

"Seattle, 7–2–08.

"Chas. S. Brent & Bro., Paris, Kentucky—Gentlemen: Answering your favor of the 27th, we wish to correct your understanding of our order. This called for minimum car of 15 tons and not for 325 bags. We would like to have shipment between August 15th and September 15th providing new crop is harvested by that time, but notify us and send sample before shipping so that we will be ready to take care of the seed."

Subsequent correspondence occurred between the parties in relation to the dispute that arose between them, but the contract is to be found in the correspondence already set forth, commencing with the plaintiff's offer to sell the defendant the seed at "$1.40 per bu., f. o. b. cars" Paris, Ky., with a guaranty that the seed would "test 21 pounds to the measured bushel." What is the meaning of the word "test" as here used? There is nothing in the letter expressly indicating its meaning. The defendant seems to have understood it as meaning "weight," for in its written requisition or order of June 22d, confirming its telegram of the same date, it ordered one minimum car load of the seed offered "weighing 21 lbs. to the bushel at $1.40 per bushel, f. o. b. cars Paris, Ky. Per your quotation June 17th." The view of the court below was that the defendant was bound to "treat fourteen pounds as a bushel," because of the plaintiff's letter of June 27th acknowledging receipt of the defendant's requisition or order, and the latter's failure to make any objection to the description of the thing sold therein contained, while calling attention to the fact that the order called for one "minimum car of 15 tons and not for 325 bags."

The letter of the plaintiff to the defendant of June 27th upon the point in question is as follows:

"Yours of the 22d (yours No. 7,272) confirming purchase of Blue Grass Seed from us duly to hand and seems to be correct. 325 bags Fancy Cleaned True Kentucky Blue Grass Seed, testing 21# to the measured bushel, at $1.40 per bu. (14#) f. o. b. cars here" Paris, Ky.

The plaintiff knew by the requisition which he received that the defendant understood the word "test," as applied to the seed in the plaintiff's original offer of it, to mean "weight," for the order was for one minimum car of seed "weighing 21 lbs. to the bushel at $1.40 per bushel." There is certainly no ambiguity about that language. The court below said in its opinion denying the defendant's motion for a new trial that "there can be no question but that the plaintiff at all times understood the contract to call for 14 pounds to the bushel."

We are unable to discover any ground for that statement. If the plaintiff did not understand the defendant's order, or did not think it therein correctly interpreted the word "test" in his original offer of the seed for sale, ought he not to have frankly said so? Instead, in his letter of June 27th acknowledging receipt of the defendant's order, he said that it "seems to be correct," and proceeded to add in his letter: "325 bags Fancy Cleaned True Kentucky Blue Grass Seed, testing 21# to the measured bushel, at $1.40 per bu. (14#) f. o. b. cars."

This is the first time 14 pounds appeared in the correspondence between the parties. What did it mean? On the trial it was shown that

the defendant had for a number of years issued a seed catalogue in which it listed, among other articles, Kentucky Blue Grass Seed as containing 14 pounds to the bushel; but there was evidence on the part of the defendant tending to show that this was inserted only for the purpose of informing farmers and others using such seed that 14 pounds in weight should be sown where the directions called for the sowing of a bushel. It is manifest that such considerations were for the jury if the contract was ambiguous.

When the plaintiff first offered the defendant the seed, he said nothing about 14 pounds, but that it would "test" 21 pounds to the bushel. When the defendant gave its order in pursuance of that offer, it ordered one minimum car load "weighing 21 lbs. to the bushel, at $1.40 per bushel," which interpretation by the defendant of the meaning of the word "test," as used in the offer, the plaintiff said in his letter of June 27th "seems to be correct," and made no objection unless it can be found in the next succeeding terms, to wit: "325 bags Fancy Cleaned True Kentucky Blue Grass Seed, testing 21# to the measured bushel, at $1.40 per bu. (14#) f. o. b. cars."

The figures and symbol in parentheses (meaning 14 pounds) so inserted by the plaintiff, taken in connection with the preceding correspondence between the parties, and for the first time appearing therein, are, in our opinion, ambiguous, and their meaning, taken in connection with the balance of the correspondence, should have been left to the determination of the jury, in view of all the facts and circumstances of the case, under appropriate instructions from the court.

The judgment is reversed, and the cause remanded to the court below for a new trial.