## BRENT v. CHAS. H. LILLY CO.

(District Court, W. D. Washington, N. D. January 30, 1913.)

No. 1,760.

1. NEW TRIAL (§ 114*)—RESIGNATION OF JUDGE PENDING MOTION—AUTHORITY OF SUCCESSOR.

Where the District Judge resigned without ruling on a petition for new trial and settlement of the bill of exceptions, but there was a full stenographic report of the proceedings of the trial, the notes of which were extended, the defeated party was not entitled to a new trial as a matter of right, under Act June 5, 1900, c. 717, 31 Stat. 270 (U. S. Comp. St. 1901, p. 696), providing that, where the trial judge by reason of disability is unable to pass on a motion for new trial and allow a bill of exceptions, his successor shall do so, where the evidence has been taken in stenographic notes.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 234–236; Dec. Dig. § 114.*]

2. COURTS (§ 329*)—JURISDICTION—AMOUNT IN CONTROVERSY.

Where plaintiff, suing in the District Court, demanded in good faith judgment for over $3,000, and defendant pleaded the general issue and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an affirmative defense, the evidence under which disclosed the real con-
troversy, the District Court had jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig.
§ 329.*

Jurisdiction as determined by amount in controversy, see notes to Auer
v. Lombard, 19 C. C. A. 75; Tennent Stribling Shoe Co. v. Roper, 36
C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

3. APPEAL AND ERROR (§ 1099*)—LAW OF THE CASE—DECISION OF COURT ON
APPEAL.

A decision of the Circuit Court of Appeals that a contract of sale of
blue grass seed, entered into between a seller in Kentucky and a buyer
in Washington, is ambiguous as to the number of pounds to be de-
livered for a bushel, and remanding the case for the jury to determine
the meaning of the contract, in view of the facts of the case, conclusively
determines the materiality of evidence of custom in Kentucky that 14
pounds constituted a bushel admitted on the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–
4379; Dec. Dig. § 1099.*]

4. CUSTOMS AND USAGES (§ 15*)—EVIDENCE—ADMISSIBILITY.

Where a seller in Kentucky sold to a buyer in Washington blue grass
seed, but the contract of sale was ambiguous as to the number of pounds
to be delivered for a bushel, evidence of the custom in Kentucky that 14
pounds constituted a bushel was admissible, provided the buyer knew
of the custom and contracted with reference to it, whether the sale took
place in Kentucky or in Washington.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§
30–33; Dec. Dig. § 15.*]

5. APPEAL AND ERROR (§ 1212*)—REMAND OF CAUSE—ISSUES IN LOWER COURT.

Where, in an action for the price of blue grass seed, the issue was
restricted by the Circuit Court of Appeals to the question as to what
the contract between the parties was, and the court on a new trial clear-
ly limited the issue submitted to the jury to the question whether the
contract called for blue grass seed at 14 pounds per bushel, or 21 pounds,
the action of the court in ruling that the jury could not find on a quan-
tum meruit was proper.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4713;
Dec. Dig. § 1212.*]

6. TRIAL (§ 273*)—INSTRUCTIONS—EXCEPTIONS.

A party complaining of the instructions must, as required by court rule
58, except thereto before the return of the verdict, so that the trial court
may have an opportunity to correct any mistake or more fully advise
the jury as to the law; and the matter is not controlled by rule 75,
which applies to bills of exception generally and their settlement, and
not to the announcement or taking of exceptions to the instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 680–682; Dec.
Dig. § 273.*]

At Law. Action by N. Ford Brent, doing business under the firm
name of Charles S. Brent & Bros., against the Charles H. Lilly Com-
pany. Petition for new trial denied.

See, also, 174 Fed. 877.

Preston & Thorgrimson, of Seattle, Wash., for plaintiff.
J. H. Allen, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. This cause is before the court upon
defendant's petition for a new trial. The plaintiff, a Kentucky seed

dealer, sued to recover $3,024 for a shipment of Kentucky blue grass seed sold the defendant, a large seed dealer of Seattle, Wash. The contract is evidenced by certain letters and telegrams between the parties. These are set out in the former opinions in this case of the Circuit Court and the Circuit Court of Appeals. (C. C.) 174 Fed. 882; 186 Fed. 700, 108 C. C. A. 518.

The real dispute between the parties is whether, under the contract, the seed was to be measured at 14 pounds to the bushel, as claimed by the plaintiff, or 21 pounds, as claimed by the defendant. Upon the first trial, the court held that the written contract was not ambiguous, and that under it 14 pounds was to constitute a bushel, and instructed the jury to return a verdict accordingly. 174 Fed. 882.

Upon writ of error, the Court of Appeals held that the Circuit Court had erred, that one of the writings constituting the contract was ambiguous, and that its meaning, taken in connection with the balance of the correspondence, should have been left to the determination of the jury under appropriate instructions from the court. A second trial was had, and a verdict returned in accordance with plaintiff's contention. The trial judge having resigned without a ruling had upon the petition for a new trial, the same is now before the court.

The following authorities are relied upon by the plaintiff: Nelson v. Imper. Trad. Co. (Wash.) 125 Pac. 777; 22 Am. & Eng. Enc. of Law, p. 1339; Hamilton v. Schlitz Brewing Co., 129 Iowa, 172, 105 N. W. 438, 2 L. R. A. (N. S.) 1078; Clark v. Shannon & Mott Co., 117 Iowa, 645, 91 N. W. 923; Aerheart v. St. Louis, I. M. & S. Ry. Co., 99 Fed. 907, 40 C. C. A. 171; Doyle v. Union Pac. Ry. Co., 147 U. S. 413, 13 Sup. Ct. 333, 37 L. Ed. 223; Baltimore & P. R. Co. v. Baptist Church, 137 U. S. 568, 11 Sup. Ct. 185, 34 L. Ed. 784; Simmons v. U. S., 142 U. S. 148, 12 Sup. Ct. 171, 35 L. Ed. 968.

The defendant relies upon the following authorities: Portland Flouring Mills Co. v. British F. & M. Ins. Co., 130 Fed. 862, 65 C. C. A. 344; Phœnix Co. v. Humphrey-Ball, 58 Wash. 401, 108 Pac. 952; Hopkins v. Cowen, 90 Md. 152, 44 Atl. 1062, 47 L. R. A. 124; Treadwell v. Anglo American (C. C.) 13 Fed. 23, 5 Ann. Cas. 263; 22 Am. & Eng. Enc. of Law (2d Ed.) 1340; Dow v. Gould, 31 Cal. 629; Mead v. Dayton, 28 Conn. 33; Lewis v. McCabe, 49 Conn. 155, 44 Am. Rep. 217; Weil v. Golden, 141 Mass. 364, 6 N. E. 229; Camwell v. Sewell, 5 H. & N. 728; Rhode Island Locomotive Works v. South Eastern R. Co., 31 L. C. Jur. 86; G. A. Gray Co. v. Taylor Bros. Iron Works Co., 66 Fed. 686, 14 C. C. A. 56; Koster v. Merritt, 32 Conn. 248; Brinker v. Scheunemann, 43 Ill. App. 662; Diether v. Ferguson Lbr. Co., 9 Ind. App. 173, 35 N. E. 843, 36 N. E. 765; Fred Miller Brewing Co. v. De France, 90 Iowa, 395, 57 N. W. 959; Finch v. Mansfield, 97 Mass. 89; Kline v. Baker, 99 Mass. 253; Brockway v. Maloney, 102 Mass. 308; Dolan v. Green, 110 Mass. 322; Ames v. McCamber, 124 Mass. 85; Milliken v. Pratt, 125 Mass. 374, 28 Am. Rep. 241; Portsmouth Brewing Co. v. Smith, 155 Mass. 100, 28 N. E. 1130; Tarbox v. Childs, 165 Mass. 408, 43 N. E. 124; Orcutt v. Nelson, 1 Gray (Mass.) 536; Kling v. Fries, 33 Mich. 275; Sullivan v. Sullivan, 70 Mich. 583, 38 N. W. 472; Webber v. Howe, 36 Mich.

150, 24 Am. Rep. 590; In re Kahn, 55 Minn. 509, 57 N. W. 154; Lynch v. Stott, 67 N. H. 589, 30 Atl. 420; French v. Hall, 9 N. H. 137, 32 Am. Dec. 341; Sessions v. Little, 9 N. H. 271; Lauten v. Rowman, 59 N. H. 215; Fuller v. Leet, 59 N. H. 163; Backman v. Jenks, 55 Barb. (N. Y.) 468; D'Ivernois v. Leavitt, 23 Barb. (N. Y.) 63; Jaffray v. Wolf, 4 Okl. 303, 47 Pac. 496; Born v. Show, 29 Pa. 288, 72 Am. Dec. 633; Baltimore & O. R. Co. v. Hoge, 34 Pa. 214; Henry v. Philadelphia Warehouse Co., 81 Pa. 76; Braunn v. Keally, 146 Pa. 519, 23 Atl. 389, 28 Am. St. Rep. 811; Perlman v. Sartorius. 162 Pa. 325, 29 Atl. 852, 42 Am. St. Rep. 834; Arnold v. Shade, 3 Phila. (Pa.) 82, 15 Leg. Int. 75; Lowrey v. Ulmer, 1 Pa. Super. Ct. 425; Whiting Mfg. Co. v. Fourth St. Nat. Bank, 15 Pa. Super. Ct. 419; Mack v. Lee, 13 R. I. 293; Beverwick Brewing Co. v. Oliver, 69 Vt. 323, 37 Atl. 1110; State v. O'Neil, 58 Vt. 140, 2 Atl. 586, 56 Am. Rep. 557.

[1] There was a full stenographic report. of the proceedings of the trial, the notes of which have now been extended. The defendant is therefore not entitled, on account of the resignation of the trial judge prior to the ruling on the motion for a new trial and settlement of the bill of exceptions, to a new trial as a matter of right. Act June 5, 1900, c. 717, 31 Stat. at Large, 270, 4 Fed. Stat. Ann. 594, § 953 (U. S. Comp. St. 1901, p. 696); Penn Mut. Life Ins. Co. v. Ashe, 145 Fed. 593, 76 C. C. A. 283, 7 Ann. Cas. 491.

[2] Defendant contends that, the effect of the dispute between the parties being the difference between the price of the seed at 14 pounds to the bushel and 21 pounds to the bushel, which difference would amount to $1,008, therefore the amount in controversy is not sufficient to give the court jurisdiction. This error was urged before the Court of Appeals, but not sustained. The defendant, though admitting it owed the plaintiff $2,016, an amount in excess of that then· required to give the court jurisdiction, did not pay the amount, and suit was brought to recover $3,024. The jurisdiction is fixed by the amount sought, in good faith, to be recovered by the complaint. Under the pleadings there could be, and was, a judgment recovered in excess of the jurisdictional amount. Nothing more is required. Vance v. W. A. Vandercook, 170 U. S. 468, at 472, 18 Sup. Ct. 645, 42 L. Ed. 1111.

The defendant, in its answer, pleaded the general issue, as well as an affirmative defense, in which latter the real nature of the differences between the parties, as afterward developed by the evidence, was disclosed. It is considered that, other questions apart, this general denial, putting in issue plaintiff's right to recover, would show the jurisdictional amount to be in controversy, for by that denial plaintiff's right to recover anything was disputed.

[3] The defendant further contends that the court erred in admitting evidence tending to show that in Kentucky there was a custom that 14 pounds of blue grass seed constituted a bushel. This evidence was admitted on the first trial, over defendant's objection—an objection noted, but not sustained, by the appellate court on the writ of error. The objection then made by the defendant was that the

written contract was not ambiguous, and that, therefore, evidence of the custom in Kentucky was inadmissible. The appellate court held that the contract was ambiguous, and said concerning the evidence as to the alleged custom:

"The only ground for the admission of such evidence was that it might aid in the true construction of the contract. If needed for that purpose, it was clearly a matter for the jury, since the evidence upon the subject was conflicting; and such could only have been the theory upon which the alleged custom was set up in the complaint."

The cause was remanded for the jury to determine the meaning of the ambiguous writing, "in view of all the facts and circumstances of the case." The materiality of this testimony is, therefore, no longer an open question in this case.

[4] As a part of this contention, the defendant claims that, in the sale, title passed at Seattle, and not at Paris, Ky.; that, therefore, the custom of Washington and neighboring states was alone material. Without deciding whether the sale took place at Seattle or Paris—a point not covered by the instructions—the evidence is, in either event, material. In Washington, and the West generally, blue grass and other seeds and grains are sold by the pound, or 100 pounds, and there cannot be said to be an established custom here as to the number of pounds constituting a bushel.

Kentucky is recognized as the leading market and producing section for blue grass seed, and, in the absence of an established custom at the place of sale, in case of doubt concerning the meaning of the parties to a contract in this particular, evidence of the custom in Kentucky would be admissible, provided the jury found that the defendant knew of the custom and contracted with reference to it, all of which questions were submitted to the jury under appropriate instructions, to which no exception was taken.

A large number of other errors are assigned—over 70. These relate to rulings made upon the admission and rejection of evidence, and remarks by the court in the presence of the jury, alleged to have been prejudicial to the defendant. Error is also assigned upon various of the court's instructions. These assignments are too great in number to receive separate mention, but an examination fails to disclose any deemed to have prejudiced the defendant. None of the comments of the court concerning the evidence exceeded the latitude allowed in such cases. Aerheart v. St. Louis, I. M. & S. Ry. Co., 99 Fed. 907, 40 C. C. A. 171; Doyle v. Union Pac. Ry. Co., 147 U. S. 413, 13 Sup. Ct. 333, 37 L. Ed. 223; Baltimore & P. R. Co. v. Baptist Church, 137 U. S. 568, 11 Sup. Ct. 185, 34 L. Ed. 784; Simmons v. U. S., 142 U. S. 148, 12 Sup. Ct. 171, 35 L. Ed. 968.

In the court's charge to the jury they were told:

"In calling your attention to the particular features of the evidence, you will bear in mind that I am simply doing that to illustrate and make plain the points I am going over, and not as in any way controlling you in your judgment upon any question of fact."

[5] Error is assigned because the trial judge ruled that the jury could not find upon the quantum meruit. Such ruling was manifestly

correct. The only issues raised by the pleadings were as to what the contract between the parties really was. It was to determine that question that the cause was remanded by the Circuit Court of Appeals. The court clearly limited the issues, submitted to the jury for their determination by its instructions, to the question whether the contract was for blue grass seed at 14 pounds, or 21 pounds, to the bushel, and no exception was taken to this part of the charge.

[6] A number of errors are assigned concerning the charge to the jury, but they nearly all are concerning matters to which no exception was taken while the jury was at the bar or before the return of the verdict. Nothing is found in the charge prejudicial to the defendant; but it is considered a substantial right of litigants that their adversary be required to take all exceptions to the charge before the return of the verdict, in order that the trial judge may have the opportunity to correct any mistake concerning, or more fully advise the jury as to, the law. Rule No. 58 of the rules of this court provides:

"Exceptions to a charge to a jury, or to a refusal to give as a part of such charge instructions requested in writing, may be taken by any party by stating to the court, after the jury have retired to consider of their verdict, and if practicable before the verdict has been returned, that such party excepts to the same, specifying by numbers of paragraphs or in any other convenient manner the parts of the charge excepted to, and the requested instructions the refusal to give which is excepted to; whereupon the judge shall note such exceptions in the minutes of the trial or cause the reporter (if one is in attendance) so to note the same."

Nothing appears in the record or upon the argument to take this case out of the rule. The defendant contends that this matter is controlled by rule numbered 75, and not by rule 58; but it is clear that rule 75 applies to bills of exception generally and their settlement, and has no application to the announcement or taking of exceptions to the charge to the jury.

Petition for a new trial denied.