## FINA v. UNITED STATES.
### No. 284.

Circuit Court of Appeals, Tenth Circuit.

Jan. 5, 1931.

Granby Hillyer, of Denver, Colo., for appellant.

Ralph L. Carr, U. S. Atty., and Ivor O. Wingren, Asst. U. S. Atty., both of Denver, Colo.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

Appellant was indicted in the District Court for a violation of the Harrison Anti-Narcotic Act (26 USCA §§ 211, 691–707).

The indictment contains nine counts. Counts 1 to 5 were dismissed. He was tried and convicted on counts 6 to 9, inclusive, and appeals.

The sixth count charged an unlawful sale of three grains of morphine not in or from the original stamped package. Count 7 charged the sale of the same morphine not in pursuance of written orders. The eighth count charged an unlawful sale of twenty grains of morphine not in or from the original stamped package, and the ninth count charged the sale of the same morphine not in pursuance of a written order. There are but three assignments of error that are necessary to be considered on this appeal.

The first is the sufficiency of the evidence to uphold the verdict rendered. At the conclusion of all the evidence the defendant moved for an instructed verdict in his behalf. This motion was denied, and defendant excepted.

In regard to this assignment it is sufficient to state the evidence of the witness R. V. Vaughn, an undercover government agent, if believed by the jury, was sufficient to uphold the verdict rendered on the trial, hence there was no error in the overruling the motion for an instructed verdict.

The second error complained of is a remark made by the witness Vaughn as to the present whereabouts of another undercover agent, Callaway, who worked with him in the case. The witness replied he was in Canada, "having been run out of Denver by the Italian Colony." We are informed from the briefs of counsel the defendant is an Italian. While the answer was not called for and may have been intended by the witness to work a prejudice against the defendant, yet no motion to strike the answer out was made, and no exception was saved thereto. Hence, the trial court was not asked to and did not rule on the question, and on this record there is no question for this court.

The remaining error complained of is this: After the jury had been out for some time without a verdict, information came to the court that the jury desired to ask the court a question, and the jury was brought into court and propounded the question to the court. The court answered the question propounded by the jury. At this time neither counsel for the defendant nor defendant, who was in charge of the marshal, were notified of the coming in of the jury, nor was either present. As stated, defendant was at this time in the custody of the United States marshal and could not be present unless

brought into court by the marshal having him in charge. This the defendant contends was prejudicial error, because it was denial of his constitutional right to be present at all the stages of the trial. We have no doubt but that it is the constitutional right of one accused of a felony, as in this case, to be present at every stage of the trial, because the trial by jury mentioned in our Constitution means a trial by jury according to the rules of the common law. The government in this case apparently concedes the action of the trial court in giving, in effect, a supplemental charge to the jury after it had been out deliberating for some time, without notice to the defendant or his counsel, and, in their absence, was erroneous, but contends the burden is on defendant to show prejudice. We cannot agree with this contention at all. In fact, the record is silent as to what was said by the court to the jury. Hence to be required to show something as prejudicial on which the record is silent, and defendant had no opportunity to hear, would be requiring of defendant the impossible. Such is not the law. This being a criminal case on a charge of felony, if error is shown to have been committed, prejudice will be presumed, unless the contrary is clearly made to appear. Again, the error here complained of is a denial to defendant of his constitutional right, and the denial to defendant on trial of his rights guaranteed to him by the Constitution is at all times deemed to be prejudicial. To preserve such rights from usurpation the framers of our Constitution deemed them of such solemn importance in the doing of justice as to place their protection under the sheltering ægis of our organic law. Again, it is contended by the government there are cases in which a reversal was refused on similar grounds. However, not so. There are reported cases which hold, where the defendant is at liberty on bond and he voluntarily absents himself from his trial, he waives his constitutional rights to be present. Such were the cases of Hagen v. U. S. (C. C. A.) 268 F. 344; Noble v. United States (C. C. A.) 300 F. 689; Dodge v. U. S. (C. C. A.) 258 F. 300, and other cases. Such is not this case. In this case, as has been stated, the defendant was in custody of the marshal of the court and could only be present in court when the marshal brought him in. In no such case has it been held the defendant waived his constitutional right. See the very interesting and able discussion on the distinction between these situations as stated by Mr. Justice Van Devanter in Diaz v. U. S., 223 U. S. 442, 32 S. Ct. 250, 56 L. Ed. 500, Ann.

Cas. 1913C, 1138. The giving of supplementary instructions in the absence of a party and his counsel even in a civil case has been deemed reversible error. See, Fillippon v. Albion Vein Slate Co., 250 U. S. 76, 39 S. Ct. 435, 436, 63 L. Ed. 853. In that, a civil case, Mr. Justice Pitney, delivering the opinion for the court, said: "Where a jury has retired to consider of their verdict, and supplementary instructions are required, either because asked for by the jury or for other reasons, they ought to be given either in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object. Under ordinary circumstances, and wherever practicable, the jury ought to be recalled to the court room, where counsel are entitled to anticipate, and bound to presume, in the absence of notice to the contrary, that all proceedings in the trial will be had. In this case the trial court erred in giving a supplementary instruction to the jury in the absence of the parties and without affording them an opportunity either to be present or to make timely objection to the instruction. See Stewart v. Wyoming Ranche Co., 128 U. S. 389, 390, 9 S. Ct. 101, 32 L. Ed. 439; Aerheart v. St. Louis, I. M. & S. Ry. Co., 99 F. 907, 910, 40 C. C. A. 171; Yates v. Whyel Coke Co., 221 F. 603, 608, 137 C. C. A. 327; and many decisions of the state courts collated in 17 L. R. A. (N. S.) 609; note to State of North Dakota v. Murphy, 17 N. D. 48, 115 N. W. 84, 16 Ann. Cas. 1133."

In Lewis v. United States, 146 U. S. 370, 13 S. Ct. 136, 137, 36 L. Ed. 1011, Mr. Justice Shiras, delivering the opinion for the court, said: "A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. While this rule has at times, and in the cases of misdemeanors, been somewhat relaxed, yet in felonies it is not in the power of the prisoner, either by himself or his counsel, to waive the right to be personally present during the trial. 'It would be contrary to the dictates of humanity to let him waive the advantage which a view of his sad plight might give him by inclining the hearts of the jurors to listen to his defense with indulgence.' Prine v. Commonwealth, 18 Pa. 103, 104, per Gibson, C. J. And it appears to be well settled that, where the personal presence is necessary in point of law, the record must show the fact. Thus in a Virginia case (Hooker v. Commonwealth, 13 Grat. 763, 766) the court

observed that the record showed that on two occasions during the trial the prisoner appeared by attorney, and that there was nothing to show that he was personally present in court on either day, and added: 'This is probably the result of mere inadvertence in making up the record, yet this court must look only to the record as it is. * * * It is the right of any one, when prosecuted on a capital or criminal charge, to be confronted with the accusers and witnesses; and it is within the scope of this right that he be present, not only when the jury are hearing his case, but at any subsequent stage when anything may be done in the prosecution by which he is to be affected.' " See, also, Diaz v. United States, supra, and the many cases cited on this subject.

We conclude, for this error, the judgment must be reversed and the case remanded for a new trial.

In so doing it is thought proper to mention an argument made by the government by way of inducement for disregarding this error. Counsel for the government in their brief, after quoting from an article by one George W. Alger in the Atlantic Monthly of September, 1922, says: "Thus the struggle goes on between the letter of the law and its substance. * * * We, therefore, contend for the proposition in this case that Fina has had a fair trial, as guaranteed to him by the Constitution of the United States; that he is in fact guilty; that the failure of the defendant to be present in court during the time when the jury asked and was answered the question by the court constitutes a mere irregularity that was not prejudicial to him and that this conviction should be affirmed."

However, the brief in this case was being prepared addressed and to be presented to a court of justice to aid that court in the doing of justice to one accused of the commission of a crime—a felony. Hence, in all reason and good conscience, he, and all officers of our courts of justice, should be mindful of the fact we are now living in a period of our country's life when crime is rampant, a time in which there is a rapidly growing outcry against crime by all good citizens; a time in which there is an ever-increasing insistence upon the part of the public when a crime is discovered to have been perpetrated to cry out, as of old, "Give us a sacrifice to wipe out this blood." At such a time it is entirely too dangerous to individual liberty, too dangerous to the safety of the citizen, which is or should be the supreme concern of government, to ignore or to attempt to strike down our constitutional safeguards. Indeed, to-day, more than ever before in our country, our constitutional guaranties, achieved at so much sacrifice of blood and suffering, and written by the strong hands of noble men, become of transcendent importance, guaranteeing, as they do, to the innocent, protection, to the guilty, a fair and impartial trial.

The case is reversed and remanded for a new trial.

It is so ordered.