### ANSEL JENNEY ET AL. *v.* WILLIAM GRAY.

V. D., a married woman, being seized in fee of a tract of land—purchased with her sole and separate money, and conveyed to her during coverture and after the taking effect of the " act in relation to the interest of husbands in the estate of their wives," Swan's Stat. 712—one J. rented of her husband eight acres thereof, for the purpose of raising a crop of wheat thereon, stipulating to pay to the husband therefor, one-third of the wheat when raised and threshed. J. accordingly sowed the land in the fall. The next spring, V. D. was divorced from her husband, on account of his aggressions, and it was further decreed that she be restored to all her lands and tenements. Afterward, and before harvest, she sold and conveyed said tract of land to G. At harvest, J., with his servants, cut and carried away the wheat, threshed it, and set apart one-third thereof for V. D.'s late husband. G. brought a civil action in the common pleas against J. and his servants, for entering said close and cutting and carrying away said wheat; and claimed over $100 damages. Upon appeal, the district court—a jury being waived—found for the plaintiff, and gave judgment for the value of the wheat cut and carried away, to wit, $75. To reverse this judgment, the present petition was filed. Held:

That the second section of said act does not apply where the interest of the husband was vested in him before the act took effect.

A justification of a *prima facie* trespass, on the ground of authority derived from the husband alone, must, in order to be complete, show that his interest accrued to him before the act took effect.

The second section of the act is not limited to cases in which the *entire* interest of the husband is attempted to be conveyed or incumbered.

All conveyances and incumbrances of a husband's interest in his wife's real estate described in said act, unless made or created as therein required, are, if the husband's interest accrued after the taking effect of the act, absolutely void as against the wife. They are not void merely, as against a claim by

her for support, but as to her, they are void to all intents and purposes. Whether they have any validity as against the husband, *quere ?*

Whether the agreement aforesaid was or was not in legal effect a lease, it would, if valid, have created an " incumbrance," within the meaning of the act, upon the husband's interest in the land, as it would, at least, have conferred upon J. a right to use and to occupy the premises so far as might be necessary in order to raise and harvest the crop. The agreement was therefore void as against the wife. And being void as to her, it was void as to her grantee.

The doctrine of emblements does not apply to the case, the husband's estate having been determined, on account of his own misconduct, by a decree that restored to the wife all her rights. And the agreement with J. being void, he is in no better condition than the husband.

The common pleas has original jurisdiction where the amount *claimed* exceeds one hundred dollars, although the verdict may be for a smaller sum. It is the sum claimed, and not that found due, that gives jurisdiction.

ERROR to the District Court of Medina county.

*Hills, Canfield & Kimball,* for plaintiffs in error, cited : 1 Bouv. Law Dic. 619 ; 8 J. R .151 ; 9 J. R. 108 ; 1 O. R. 251 ; 3 O. R. 294 ; 12 O. R. 83 ; 15 O. R. 248, 252 ; Hilliard's Abr. (1st ed.) 53 ; 1 Co. Lit. 630, margin ; Ib. 639, 642 ; 4 Kent's Com. 111, 112 ; Cons., art. IV, sec. 4 ; Swan's St. 261 ; Code, sec. 552 ; Cro. Eliz. 33 ; 2 P. Wms. 1771 ; 1 Roll's Abr. 728 ; Cro. Car. 515 ; 2 Bla. Com. 113.

*Floyd & Canfield,* for defendants in error.

THURMAN, C. J.   Gray brought a civil action, in the common pleas, against Jenney and others, for entering his close, and cutting and carrying away some wheat — laying his damages at $150.   Jenny justified under a cropping agreement made with one Isaac Van Dorn ; and the other defendants justified under Jenney as his hired men.

In the district court, to which the cause was appealed, it was submitted to the court upon the following agreed statement of facts :

" It is agreed that the plaintiff is the owner of the land described in his petition ; that he went into possession on the 16th

day of March, A. D. 1853 ; that plaintiff purchased of Caroline L. Van Dorn ; and that the said Caroline L. Van Dorn was divorced from Isaac Van Dorn, her husband, on the 9th day of March, A. D. 1853, for the aggressions of her husband, and restored to all her lands and tenements ; and that said land was purchased with the sole and separate money of the said Caroline L. Van Dorn during coverture with the said Isaac Van Dorn ; that sometime in the month of July, A. D. 1853, the defendants entered the premises and cut and carried away 75 bushels of wheat, worth $1 per bushel. It is further agreed, that Ansel Jenney, one of the defendants, rented eight acres of said land of Isaac Van Dorn, by a parol agreement, sometime in the summer of 1852, for the purpose of putting in a crop of wheat; which was sown in the fall of 1852. Said wheat was put in on shares — the said Jenney was to have two-thirds and the said Isaac Van Dorn was to have one-third delivered to him in the half bushel. That said Isaac and Caroline L. were in possession of the premises. That the same has been threshed, and one-third put into a bin for the said Isaac Van Dorn, which is the wheat in controversy. Now, if the court shall find for the plaintiff on this agreement of facts, then they are to enter up a judgment for plaintiff for $75 ; but if they find the issue for the defendants, then the Court are to enter up a general judgment for defendants."

The court found for the plaintiff, and, after overruling a motion for a new trial and in arrest of judgment, gave judgment for $75.

To reverse this judgment the present petition was filed.

Gray founded his right to recover upon the ground that the agreement between Isaac Van Dorn and Jenney contravened the second section of the act entitled, "An act in relation to the interest of husbands in the estate of their wives," passed February 28, 1846, to take effect July 4, 1846, (Swan's St. 712, 713,) and was therefore void. The section is in these words :

"Sec. II. All conveyances and incumbrances of the husband's interest in the real estate of the wife, in the first section mentioned, shall be void and of no effect during the life of the wife, and during the life or lives of the heir or heirs of her body,

unless an instrument of such conveyance or incumbrance shall have been executed, attested, and acknowledged, according to the laws of this State for the conveyance or incumbrance. of the estate of the wife in lands, tenements, and hereditaments, situate within this State."

Among the real estate mentioned in the first section, is realty " which may have been purchased with her (the wife's) sole and separate money, or other property, and, during her coverture, shall have been deeded to her, or to any trustee in trust for her."

On the part of Jenney et al. it is contended :

1. That the second section aforesaid does not apply to the case, because the cropping agreement was not a " conveyance " or " incumbrance " of Isaac Van Dorn's interest.

2. That, in a case like this, the late husband is entitled to the way-going crop as emblements.

3. That the court had no jurisdiction, the recovery being less than $100.

. There is nothing in the agreed case to show that the land was conveyed to Mrs. Van Dorn for her sole and separate use, so as to make it, by the very terms of the deed, technically her separate property. But it is shown that it was purchased with her sole and separate money during her coverture, and it is to be inferred from what is stated, that it was conveyed to her while covert—so that it falls within the terms of the statute above referred to.

But here arises a very important question of fact, upon which the agreed case is silent, namely : Was the purchase and conveyance to her before or after the taking effect of the statute ? If before, her husband was invested with a life estate when the act took effect, and could not be divested of it, or of his control over it, by the act—the Legislature having no such power. *White* v. *White*, 5 Barb. 474. It might be exempted from liability for his debts, as it is by the first section of the act, and as personalty is by the third and fourth sections, but he could not be deprived of his power of bona fide alienation of an estate to which he had a vested right.

But, if the purchase and conveyance were made after the tak-

ing effect of the act, there is no constitutional objection to its application ; for it is plainly competent for the legislature to say what interest, estate, or control, a husband shall have in, or over, the *future* acquisitions of his wife. ·And it is to future acquisitions, only, that we suppose the second section was intended to apply.

How, then, are we to decide the case in the absence of a statement of this controlling matter of fact ?    We can do so only by applying the settled principles relating to the burthen of proof. It appears by the agreed case, that Gray was the owner of the fee in possession, when Jenney and his associates entered upon the land and cut and carried away the wheat.   Prima facie, therefore, they were trespassers, and the burthen lay upon them to show matter of justification.   This they attempted to do by setting up a right under Isaac Van Dorn, but, in order to make the justification complete, it was necessary to show that he could confer such right.   He plainly could not confer it, if it amounted to a conveyance or incumbrance of his interest, unless his interest accrued to him before the taking effect of the act.   It was, therefore, necessary for Jenney et al. to show that such was the fact, and not having done so, the contrary is to be presumed.   And this presumption, I may remark, is probably in accordance with the truth ; for it is no where suggested in the record, or in the arguments of counsel, that Mrs. Van Dorn acquired tne land before the act took effect.

The facts being thus ascertained, our conclusions upon the law of the case are as follows.   We hold :

1. That the section of the act is not limited to cases in which the *entire* interest of the husband is attempted to be conveyed or incumbered.

2. That all conveyances and incumbrances of a husband's interest in his wife's real estate described in the act, unless made or created as therein required, are, if the husband's interest accrued after the taking effect of the act, absolutely void as against the wife.   They are not void as against a claim by her for support merely, but as to her they are void to all intents and·

purposes. Whether they have any validity as against the husband it is not necessary now to decide.

3. That whether the authorities which hold that a cropping agreement for a year, or less, does not constitute a lease, are sound law or not, (upon which question we express no opinion,) yet the agreement in question, though of that nature, would, if valid, have created an " incumbrance," within the meaning of the act under consideration, upon the husband's interest in the land ; as it would, at least, have conferred upon Jenney a right to use and to occupy the premises so far as might be necessary in order to raise and harvest the crop. The agreement was therefore void as against the wife. And being void as to her, it was void as to her grantee.

4. That the doctrine of emblements, by which the way-going crop belongs to the tenant upon the determination of his estate by the happening of an uncertain event, has no application to this case, in which Isaac Van Dorn's estate was determined, on account of his own misconduct, by a decree that restored to his wife all her rights. And the agreement with Jenney being void, he is in no better condition than Isaac Van Dorn.

5. That the common pleas has original jurisdiction, when the amount claimed exceeds $100, although the verdict may be for a smaller sum.(*a*) It is the sum claimed, and not that found to be due, that gives jurisdiction. As the common pleas had original jurisdiction of the case, the district court had appellate jurisdiction.

*Judgment affirmed.*

BARTLEY, J., dissented.

---

| (*a*.) See *Brunaugh* v. *Worley,* 6 Ohio St. Rep. 597.