BRiNKERHOt'3?, C.J.
It seems to have been assumed by all parties, and to have been held by the court below, that by the terms of the conveyance to Mrs. Maehir, for her “ only proper use, benefit and behoof,” a separate interest was vested in her, to the exclusion of the rights and interests which ordinarily aco’ae to the husband by virtue of the marriage relation. *521 "Whether this be so is not quite clear, for the authorities on the point seem to be quite conflicting. 1 H. & W’s Leading Cases in Eq. 412, 413.
The conveyance to the wife was made in 1844, and after hei marriage to her present husband. And if the opinion of this court, expressed in Jenney v. Gray, 5 Ohio St. Rep. 45, that the second section of the act of February 28, 1846, “in relation to the interests of husbands in the estate of their wives,” does not apply where the interest of the husband was vested in him before that act took effect, is sound law, then it is not necessary for us to determine the question whether the estate of Mrs. Machir was a separate interest or not; for, if we assume that the parties below were wrong in assuming, and the court below in finding, that these words vested in the wife a separate estate, the plaintiffs in error have clearly no right to complain of the judgment; for the contract for repairs was made with both husband and wife; and if the husband had an estate in the premises, by virtue of the marriage, and unaffected by the act of 1846, it was competent for the husband, by his contract for repairs, to charge the estate with a mechanic’s lien, until such time at least as the estate should be determined by his death. 3 Curwen’s Stat. 2274, sec. 17.
It is true, the opinion of the court on the point referred to in Jenney v. Gray, was not necessary to the decision of that case, and may therefore be regarded as obiter, and as leaving the question still open. But the deed of conveyance to Mrs. Machir is not embodied at large in the record, and as the presumption is in favor of the interpretation of its provisions by the court below, and as all parties there and here have proceeded on the assumption that her title to the premises sought to be charged, is a separate estate, we have so considered it.
As to the extent of the capacity of the wife, by her own individual act, to charge her separate estate, there is a perplexing and irreconcilable conflict of judicial opinion elsewhere, and in this state no case has ever been presented requiring a solution of the question by our court of last resort.
In England, New York, Connecticut, and perhaps in other states, the preponderating current of judicial c pinion is, that *522 the power of the wife, in equity, to charge her separate estate, whether real or personal, and whether the legal estate be vested in her or in trustees, is limited only by the restrictive terms of the instrument of conveyance to, or settlement upon her; while in South Carolina, Pennsylvania, and some other states of the Union, it is held that 'her power to charge her separate estate is, in general, limited by the grants of power so to do, contained in the instrument through which she derives title. See remarks of Scott, J., in Hardy v. Van Harlingen, 7 Ohio St. Rep. 208, and 1 L. C. in Eq. 405, et seq.r and cases there cited. The English doctrine was adopted in New York by the overruling in the court of errors, in Jaques v. M. E. Church, 17 Johns. 548, of the opinion of Chancellor Kent in same case, in 8 J. Ch. R. 78. And it seems to me that the reasoning of Chancellor Kent in that case, and of Gibson,- C.J., in Thomas v. Folwell, 2 Wharton, 11, has not been, and can not be, satisfactorily answered. The substance of which reasoning I understand to be this: That ordinarily one of the primary and fundamental objects of settlements of property, to the separate use of the wife, is to guard her not only against the force, but against the blandishments of the husband; not only against his power, but against her own weakness; not only against the terrors and apprehensions which he may, secretly or openly, bring to bear upon her, but against the boundless confidence and generosity of trust, which is so characteristic of the nature of her sex. And to hold that she has the unlimited power to charge or to dispose of her separate estate, where such power is not conferred by the provisions of the instrument of settlement, would, it seems to me, enable her and the husband, by means of his influence over her, to defeat one of the ordinary and leading objects of such settlements. But for this, my brethren are not responsible.
The fact that the legal title of the wife’s estate is vested in trustees, for her use, does not, it seems, restrict her power over the estate, whatever it may be; nor would the consent of the trustees enlarge her power, unless it were so provided in the instrument of settlement.
*523 Notwithstanding the diversity of judicial opinion on the general question above alluded to, I am not aware that it ñas ever been held that the wife may not charge at least the rents, issues and profits of her separate estate with the costs of repairs and improvements which are for the benefit of the estate, and tend to preserve it and make it available. And that she may do this, has been several times held in South Carolina, where the doctrine which most strictly limits the wife’s power to charge her separate estate has been very rigidly adhered to. Maywood & Patterson v. Johnson, 1 Hill’s Ch. R. 228. And we are of opinion that, on principle, this must be so. It tends to effectuate the trust, where the estate of the wife is a trust estate, and promotes the objects of the grant, where the legal estate is granted directly to her. The purposes of the trust, and the objects of the grant must be presumed to have been intended" for the wife’s benefit; and these purposes and objects might be, and often would be, entirely defeated, if she had no power to charge the rents, issues and profits of the estate with the cost of repairs, to prevent decay, or with the cost of improvements necessary to render property, otherwise unproductive, available for the production of income.
In the case before us, the contract of the wife was for repairs only; and the court below prudently confined the remedy to the sequestration of the rents of the property on which the repairs were made. We see no error in its proceedings and. judgment, and they are, therefore, affirmed.
Scott, Ranney, Wilder and White, JJ., concurred.