Day, J.
The action was brought to charge the separate property of a married woman with the payment of the amount due to the plaintiff on a promissory note which she signed with her husband. It is not claimed that she is personally liable on the note, nor that its payment can be charged upon her general property. But it is claimed that, by reason of her dominion over her separate property, she may charge her separate estate with the payment of money, and that the execution of the note with her husband, in equity, had that effect.
’ Since, then, the claim of the plaintiff (if it can be maintained at all) can be sustained only as against the separate estate of the wife, as distinguished from her general property, it becomes material to determine whether the land, sought to be charged in this case was her separate property.
This question is to be determined on the case made in the pleadings, for the case was submitted upon the plaintiff’s demurrer to the answer of the wife. The answer denies the allegations in the petition, that by signing the note she intended to charge her separate property, that her husband was insolvent, and that the plaintiff relied upon her individual solvency to secure the payment of the note. She admits that she owns the land described in the petition in her own right, but makes no other admission or averment affecting the character of her title. We are left then to the facts stated in the petition to determine whether the wife had a separate estate in the land therein described.
The petition, it is true, contains an,averment that the wife holds the land as her separate property; but, as amended pur *67 suant to the order of this court, it sets forth a copy of the deed by which it is held, with the additional averment that the consideration mentioned in the deed was paid with the separate property of the wife. The deed, at most, only purports to convey to her a title in fee-simple. It contains no word or clause indicating an intention to create or perpetuate a separate use. The averment of the wife’s separate estate in the land, it must be presumed, is based on this state of fact alone.
Does the case, then, made in the petition show a separate estate of the wife in the land sought to be charged ? It is well settled, at least as a general rule, that the distinctive character of a separate estate “ must be imparted to it by the instrument or title by which it is held.” Glidden v. Taylor, 16 Ohio St. 517. The deed is nothing more than an ordinary quitclaim or conveyance of title, without any attempt to attach to the land any characteristic of a separate estate. A claim of a separate estate cannot, therefore, be sustained upon the deed alone. Nor can it be aided by the mere fact that the land was paid for with the separate property of the wife; for the jus disponendi being an incident of her separate property, she might dispose of it as she pleased. Sch. Dom. Rel. 219. She might bestow it upon her husband, or give him the use and income thereof. Sch. Dom. Rel. 228. She might, therefore, invest it in real estate, divested of the privileges of a separate estate, and hold it in her own right, subject to the marital rights of her husband. In the absence of other facts than those conceded by the demurrer, it is but reasonable to presume that it was the intention of the wife to change her separate property into that of a general character. At all events, such is the caseprima facie.
Nor does the case derive any aid from our statutes declaring what shall be deemed the separate property of married women, for they were passed long after the rights of parties interested in this case were fixed. Jenney v. Gray, 5 Ohio St. 48; Glidden v. Taylor, 16 Ohio St. 517.
The petition, then, as it now stands, does not show a separate estate of the wife in the land sought to be charged.
*68 But the claim of the plaintiff can be sustained only as against her separate estate, and not against her general property. It follows, that, for this reason, the defendant is entitled to judgment.
It is proper to add, that the view we have taken of the case is based on the petition as amended pursuant to the order of this court; and that it, therefore, becomes unnecessary for us to consider some of the questions ably and elaborately discussed in argument on the pleadings as they stood before the recent amendment of the petition.
Brinkerhoff, C.J., and Soott, Welch, and White, JJ.,. concurred.