## YATES v. WHYEL COKE CO.

### (Circuit Court of Appeals, Sixth Circuit. March 13, 1915.)

### No. 2545.

1. APPEAL AND ERROR ⊙⟺1039—HARMLESS ERROR—RULINGS ON PLEADINGS.

A judgment will not be reversed because of the erroneous refusal to require plaintiff to separately state and number his causes of action, where the ruling has not operated prejudicially to the defendant, or deprived him of any substantial right.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. ⊙⟺1039.]

2. COURTS ⊙⟺359—UNITED STATES COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

The requisite jurisdictional amount, in an action in the federal courts on causes of action no one of which separately would give the court jurisdiction, is controlled by the federal law, and not by state legislation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. ⊙⟺359.]

3. COURTS ⊙⟺328—UNITED STATES COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

The requisite jurisdictional amount in actions in the federal courts is determined by the aggregate sum for which judgment is sought, and not by the amount named in each cause of action.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ⊙⟺328.

Jurisdiction of federal courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennet-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

4. PRINCIPAL AND AGENT ⊙⟺190—ACTION ON AGENT'S CONTRACTS—EVIDENCE OF AGENCY.

In an action on a contract for the sale of coke between defendant and the P. Co., letters and conversations prior and subsequent to the execution of the contract were properly admitted to show that defendant knew

and had long known that plaintiff was the real contracting party and that the P. Co. was its agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 718–720; Dec. Dig. ☞190.]

5. DAMAGES ☞40—INTERFERENCE WITH ESTABLISHED BUSINESS.

Where a regular and established business is wrongfully injured, interrupted, or destroyed, its owner, if he makes it appear that his business was of that character, and that it had been successfully conducted so long that his profits from it are reasonably ascertainable, may recover as damages the amount in which the business is rendered less valuable by the interruption.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. ☞40 ]

6. DAMAGES ☞176—INTERFERENCE WITH ESTABLISHED BUSINESS—EVIDENCE.

As the value of such a business depends mainly on the ordinary profits derived from it, such value cannot be determined without showing what the usual profits are.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 461, 468, 471, 493; Dec. Dig. ☞176.]

7. APPEAL AND ERROR ☞1056—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In a seller's action for damages from the buyer's refusal to accept coke, in which defendant sought to recover damages for the loss of customers due to an excess of sulphur in the coke furnished, though the court's ruling in excluding evidence to establish such claim was too comprehensive, it was not prejudicial error, where the evidence offered did not prove that there was an excessive amount of sulphur, and was insufficient to warrant a recovery under the rule applicable to the recovery of damages from the interruption or destruction of a regular and established business.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. ☞1056.]

8. SALES ☞384—BREACH BY BUYER—NECESSITY OF TENDER.

Where a buyer of coke, to be produced by the seller, refused to accept the coke, the actual production of the whole of the coke called for by the contract was excused, and the seller could recover the difference between the cost of production and the selling price of the coke which it could and would have produced, had the buyer not refused to receive it, but which it did not in fact produce.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. ☞384.]

9. COURTS ☞352—UNITED STATES COURTS—PRACTICE—CONFORMITY TO STATE LAWS.

Gen. Code Ohio, § 11452, providing that after the jurors retire to deliberate they may request the officer in charge to conduct them to the court, which shall give information sought upon matters of law, and also in the presence of or after notice to the parties or their counsel may state its recollection of the testimony upon a disputed point, and the state rule of practice thereunder that it is error for the judge, during recess, in the absence of a party and his counsel and without notice to them, to give instructions to the jury, but that if the parties and their counsel are loudly called at the door it is not error to give additional instructions in their absence during a regular session of the court, are not rendered applicable to the federal courts by Rev. St. U. S. § 914 (Comp. St. 1913, § 1537), providing that the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform as near as may

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be to the practice, etc., in like causes in the courts of record of the state in which such courts are held.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec. Dig. ☞352.

Conformity of practice in common-law actions to that of state courts, see note to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

10. TRIAL ☞312—INSTRUCTIONS—ABSENCE OF PARTIES.

While a trial court should avoid instructing a jury, in the absence of counsel for the respective parties, when it can conveniently do so, and especially where the supplemental charge covers propositions of law not dealt with by the original charge, the absence of counsel while the court is in session at any time between the impaneling of the jury and the return of the verdict cannot limit the power and duty of the judge to instruct the jury in open court on the law of the case as occasion may require.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 744, 745; Dec. Dig. ☞312.]

11. TRIAL ☞317—INSTRUCTIONS—EXCEPTIONS.

The absence of counsel when instructions are given to the jury after they have retired cannot excuse the failure to except thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 751, 752; Dec. Dig. ☞317.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; William L. Day, Judge.

Action by the Whyel Coke Company against J. V. N. Yates. Judgment for plaintiff, and defendant brings error. Affirmed.

F. J. Wing, of Cleveland, Ohio, for plaintiff in error.
W. M. Hall, of Pittsburgh, Pa., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

SATER, District Judge. The contract made on March 15, 1910, with the Pickands-Magee Company by the plaintiff in error (who will hereinafter be called the defendant), obligated him as purchaser to accept weekly for the residue of the calendar year not less than 15 nor more than 20 cars of "selected 72-hour Ellen foundry coke," delivered "f. o. b. cars at ovens of party of the first part." Each month's deliveries were to be treated as a separate and independent contract. The Pickands-Magee Company is claimed by it and the defendant in error (who will hereinafter be called the plaintiff) to have acted as the sales agent of the defendant. Following the execution of the contract, the Pickands-Magee Company delivered it to the plaintiff. The defendant, for some time prior to the making of the contract, had engaged in the business of buying coke of producers of that article and selling it to consumers. In previous years he had dealt in coke of the kind mentioned in the contract. The plaintiff was at all times able, ready, and willing fully to perform its contract, but the defendant refused 369 car loads of the coke, all of which coke was sold by the plaintiff on the open market at a loss, excepting 44 car loads, which,

on account of the defendant's refusal to accept the quantity of coke for which he was obligated, was never prepared. Following the expiration of the contract, the plaintiff sued for the loss sustained in the coke thus sold by it and for the difference in the cost of production and the selling price of the portion which it did not produce, but could and would have produced, except for the defendant's refusal to receive it. Judgment having been entered on a verdict in its favor for $5,353.-93, the defendant prosecuted error to reverse the action of the District Court.

[1-3] The plaintiff pleaded as a single cause of action the entire loss claimed to have been sustained for the several months covered by the contract. A motion separately to state and number the causes of action and a demurrer on the ground that the loss sustained each month constituted a separate cause of action and was in each instance less than $3,000 were in turn overruled. Each of such rulings is assigned as error. It is not shown that the overruling of the motion operated prejudicially to the defendant. It is therefore immaterial whether the trial court ruled correctly on the motion or not. The refusal to sustain such a motion is not error for which a final judgment will be reversed, unless it appears that by such refusal the moving party was deprived of a substantial right. Bear v. Knowles, 36 Ohio St. 43; Murphy v. Quigley, 21 Ohio Cir. Ct. R. 313, 315; Bates, Pl., Pr. & Forms, 500, 501. If it be true that the plaintiff should have pleaded as a separate cause of action the damages incurred for each month the contract was alive, jurisdiction over the subject-matter of the suit was not wanting, although none of the claims exceeded a few hundred dollars in amount, for the reason that their aggregate sum, for which judgment was prayed, was largely in excess of $3,000, exclusive of interest and costs. The requisite jurisdictional amount is controlled, not by state legislation, as defendant would have it appear, but by the federal law, and is determined by the aggregate sum for which judgment is sought, and not by the amount named in each cause of action. Tennent-Stribling Shoe Co. v. Roper, 94 Fed. 739, 742, 36 C. C. A. 455 (C. C. A. 5); Heffner v. Gwynne-Treadwell Cotton Co., 160 Fed. 635, 638, 87 C. C. A. 606 (C. C. A. 8); Spokane Valley Land & Water Co. v. Kootenai (D. C.) 199 Fed. 481, 487; O'Connell v. Reed, 56 Fed. 531, 5 C. C. A. 586 (C. C. A. 8). It so happens that, were the case to be decided with reference to the state statute, the result would be the same as above announced. Brunaugh v. Worley, 6 Ohio St. 597; Jenney v. Gray, 5 Ohio St. 45; Linduff v. S. & R. Plank Road Co., 14 Ohio St. 336.

[4] The defendant contends that the plaintiff should not be permitted to maintain its suit, because the Pickands-Magee Company was not its agent, but was in fact the real principal and party in interest. Exceptions were reserved by him to the introduction of a letter and certain evidence of a conversation, both of which antedated the execution of the contract, to show that he knew and had long known that the real contracting party was the plaintiff and that the Pickands-Magee Company was its agent. There was no error in the admission of such evidence. Aside from such conversation, other parol evidence and letters which passed between the defendant on the one side and the plaintiff and the Pickands-Magee Company, respectively, on the other, some of which

were written before and others after the date of the contract, were rightfully admitted, and make clear that he knew of the existence of the relation of principal and agent as between the plaintiff and such company, and that he recognized such relation during the life of the contract. At the defendant's instance the jury was directed to return, along with the general verdict, a specific finding or special verdict as to whether the Pickands-Magee Company acted as the agent of the plaintiff in the sale of the coke. The jury found that the company so acted; its finding was abundantly warranted by the evidence.

[5-7] One of the defenses was that the brand of coke which defendant bought was well known on the market and normally contained not over 1 per cent. of sulphur, and that, if the sulphur exceeded that amount, the coke became useless for manufacturing purposes, in that it greatly damaged the product in whose manufacture it was employed. He charged that the sulphur in the coke shipped under the contract varied from 1.1 per cent. to 1.26 per cent.; that, notwithstanding his notice to the plaintiff of such fact, it continued the shipment of coke containing such excess of sulphur; and that, on account of the same, the coke being shipped by plaintiff directly to the defendant's customers on his order without opportunity on his part to examine it to ascertain any defect in it, he was damaged by the loss of customers in the sum of $10,000, for which he prayed judgment. The court's exclusion of evidence to establish his claim for damages is assigned as error. It is well settled that, where a regular and established business is wrongfully injured, interrupted, or destroyed, its owner may recover the damages sustained, providing he makes it appear that his business was of that character and that it had been successfully conducted for such length of time that his profits from it are reasonably ascertainable—the correct rule for compensating the injured party being the ascertainment of how much less valuable the business was by reason of the interruption and the allowance of that amount as damages. As the value of such a business depends mainly on the ordinary profits derived from it, such value cannot be determined without showing what the usual profits are. Central Coal & Coke Co. v. Hartman, 111 Fed. 96, 98, 99, 49 C. C. A. 244 (C. C. A. 8); Allison v. Chandler, 11 Mich. 542, 558; 13 Cyc. 59. The ruling made by the trial judge was too comprehensive, but did not constitute prejudicial error, for the reason that the evidence offered by the defendant not only fell short of proving an excessive amount of sulphur in the coke, but was insufficient under the above-stated familiar rule to warrant a recovery. Indeed, the jury could not reasonably have reached any conclusion from the evidence before it other than that the defendant's failure to take the full quantity of coke per month required by his contract was due to the decline in the price of coke, on account of which the contract became a losing one.

[8] Nor did the court err, as claimed by the defendant, in instructing the jury that plaintiff was entitled to recover the difference between the cost of production and the selling price of the coke which it could and would have produced, had the plaintiff not refused to receive it. Hinckley v. Pittsburgh Steel Co., 121 U. S. 264, 7 Sup. Ct. 875, 30 L. Ed. 967; George Delker Co. v. Hess Spring & Axle Co., 138 Fed.

647, 654, 71 C. C. A. 97 (C. C. A. 6); Re Duquesne Incandescent Light Co. (D. C.) 176 Fed. 785. The contract was not for the sale of an existing article, but of an article to be produced. The conduct of the defendant was such as to excuse the actual production of the whole of the coke called for by the contract. It is, moreover, mathematically demonstrable, we think, that the jury expressly excluded from its award all profit on coke not produced by the plaintiff.

[9-11] After the jury had deliberated for a time it returned into open court and asked for additional instructions, which were given in the absence of counsel. The court's so doing is assigned as error. It is true that under the Ohio Code (section 270; section 5194, R. S. Ohio; section 11452, Ohio G. C.), it has been held error for a judge during a recess of his court, in the absence of a party and his counsel, and without notice to them, to give instructions to the jury to whom the case has been submitted (Campbell v. Beckett, 8 Ohio St. 210; Moravec v. Buckley, 9 Ohio Dec. 226; 11 Bull. 225; Seagrave v. Hall, 10 Ohio Cir. Ct. R. 395); but when further instructions are given at a regular session of the court, the parties and their counsel being loudly called at the door, it is not error that the court gave such additional instructions in their absence (Preston v. Bowers, 13 Ohio St. 1, 82 Am. Dec. 430). The rule of practice, however, prescribed by the Ohio statute, is not applicable under section 914, Rev. Stat. U. S. (Comp. St. 1913, § 1537), to the federal courts. Western Union Tel. Co. v. Burgess, 108 Fed. 26, 32, 47 C. C. A. 168 (C. C. A. 6). This court held in Liverpool & L. & G. Ins. Co. v. N. & M. Friedman Co.; 133 Fed. 713, 716, 66 C. C. A. 543, 546, that:

"The power of federal judges, as defined by the common law, in the submission of cases and the control of the deliberation of juries, still remains."

A trial court should avoid instructing a jury in the absence of counsel for the respective parties, when it can conveniently do so, and especially where the supplemental charge covers propositions of law not dealt with by the original charge; but the rule which controls is thus stated by Mr. Justice Gray in Stewart v. Wyoming Ranch Co., 128 U. S. 383, 390, 9 Sup. Ct. 101, 104 (32 L. Ed. 439):

"The absence of counsel, while the court is in session, at any time between the impanelling of the jury and the return of the verdict, cannot limit the power and duty of the judge to instruct the jury in open court on the law of the case as occasion may require, nor dispense with the necessity of seasonably excepting to his rulings and instructions, nor give jurisdiction to a court of error to decide questions not appearing of record."

See, also, Aerheart v. St. Louis, I. M. & S. Ry. Co., 99 Fed. 907, 910, 40 C. C. A. 171 (C. C. A. 8). The posture of the present case is the same as that of the Stewart Case, in which the objecting party did not except to the supplemental instruction at the time it was given or before the verdict was returned. His failure to do so was held to be a conclusive answer to his objection. A like holding must necessarily follow here.

Other errors assigned have been considered, but need not be noticed. We find no substantial error.

The judgment of the trial court is affirmed.