### PAYNE, Director General of Railroads, v. HAUBERT.

(Circuit Court of Appeals, Sixth Circuit. January 9, 1922.)

No. 3565.

1. **Railroads** ⬅️344(5)—**Petition held to charge negligent speed.**

The petition in an action against a railroad company for the killing of plaintiff's intestate on a crossing, which alleged that "the accident was caused solely and directly by the negligence of the defendant as herein set forth," followed by an allegation that defendant's train approached the crossing at "a high and dangerous rate of speed," *held* to sufficiently charge that the rate of speed was negligence.

2. **Courts** ⬅️352—**Federal judges not required to conform to state practice in charging jury.**

Judges of federal courts are not required by the conformity statute (Rev. St. § 914 [Comp. St. § 1537]) to charge a jury before argument on request to conform to a requirement of the state statute.

3. **Courts** ⬅️406(1)—**Judgment not reversible by Circuit Court of Appeals for error in fact.**

Under Rev. St. § 1011 (Comp. St. § 1672), providing that a judgment shall not be reversed for any error in fact, a Circuit Court of Appeals is without authority to review and reverse a judgment on the weight of the evidence.

4. **Negligence** ⬅️135—**Contributory negligence must be established by preponderance of evidence.**

The burden of proof is on the defendant to establish the defense of contributory negligence by a preponderance of the evidence, direct or circumstantial.

5. **Negligence** ⬅️136(30)—**Contributory negligence of automobile driver not necessarily imputable to passenger.**

Conceding that the driver of an automobile in which deceased was riding when struck and killed on a railroad crossing was chargeable with contributory negligence, it does not necessarily follow that deceased herself was so chargeable, nor that the driver's negligence was imputable to her.

6. **Trial** ⬅️142, 178—**Court cannot weigh evidence on motion to direct verdict, and motion must be denied, if different conclusions possible.**

In disposing of a motion to direct a verdict, the trial court cannot weigh the evidence, but must take that view of the evidence which is most favorable to the party against whom the motion is made, and deny the motion if, from the evidence when thus viewed, fair-minded men might honestly draw different conclusions.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by John Haubert, administrator, against John Barton Payne, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Affirmed.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

See, also, 259 Fed. 361.

This proceeding in error is prosecuted in this court to reverse the judgment of the United States District Court, Northern District of Ohio, Eastern Division, in an action brought in that court by John Haubert, administrator of the estate of Rose Haubert, deceased, against the Baltimore & Ohio Railroad Company and Walker D. Hines, Director General of Railroads, to recover damages for the death of Rose Haubert, resulting from injuries sustained by her in the collision of an automobile, in which she and her husband, John Haubert, were riding, with a train of the defendant upon a public highway crossing in Stark county, Ohio, on the 17th day of October, 1918.

The plaintiff averred in his petition that the accident occurred without fault or negligence on the part of decedent, but was caused solely and directly by the negligence of the defendant as therein set forth. The defendant, Walker D. Hines, Director General of Railroads, filed an answer to this amended petition admitting that he was the duly appointed, qualified, and acting Director General of Railroads, including the Baltimore & Ohio Railroad, at the time of the accident; that he was in control of and operating said railroad; that a collision occurred on the highway crossing between the automobile and the train on said railroad; and that as a result of that collision Rose Haubert was killed, and denied each and every other allegation in the amended petition. For a second defense he averred that the deceased, Rose Haubert, was guilty of negligence directly and proximately contributing to her death. A third defense averred that plaintiff was the husband of Rose Haubert, and that she and the plaintiff at the time of the accident were engaged in a joint enterprise, and while so engaged, and in furtherance thereof, they and each of them were jointly and severally guilty of negligence directly and proximately contributing to the injury and death of the deceased. The plaintiff filed a reply denying the averments of negligence on the part of Rose Haubert and himself. Upon the issue so joined the jury returned a verdict for the plaintiff in the sum of $15,000. Upon motion for a new trial the court reduced this verdict to $10,000, and rendered judgment thereon for that amount.

J. M. Lessick, of Cleveland, Ohio, for plaintiff in error.

Joseph B. Keenan, of Cleveland, Ohio (Day, Day & Wilkin, of Cleveland, Ohio, and Amerman & Mills, of Canton, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). It is insisted upon the part of the plaintiff in error that the court erred in charging the jury that speed was an issue in the case because, while the petition avers the defendant ran its train over this crossing at a high and dangerous rate of speed, yet it does not specifically charge that this high and dangerous rate of speed was negligence. It is clear, however, that the petition does charge negligence in this respect. That fact seems to be recognized by counsel for plaintiff in error as appears by the following statement on page 3 of his brief:

"And then plaintiff sets forth the negligence of defendant in the language following."

This statement in the brief is followed by the quotation of this paragraph from the petition:

"Plaintiff further says that, as the automobile in which said decedent was riding reached said crossing, the defendant caused one of its locomotives and train of cars to approach said crossing at a high and dangerous rate of speed,

to wit, approximately 60 miles per hour, and passed rapidly over the track of said railroad, and negligently and carelessly omitted, while approaching said crossing, to give any signal, by bell or whistle or otherwise, by reason whereof plaintiff was unaware of its approach, and by reason of said negligence, and without any fault or negligence on the part of said plaintiff, the locomotive struck said automobile in which she was riding, and by direct and proximate cause of said defendant's negligence said Rose Haubert was killed."

This paragraph of the petition above quoted is preceded in the petition by the averment that:

"The accident was caused solely and directly by the negligence of the defendant as herein set forth."

From this it would appear that the pleader intended to charge, and did charge, all the acts stated and described in the paragraph above quoted, as the acts of negligence on the part of the defendant which caused the death of his intestate. Therefore the rate of speed was an issue in the case, and it was proper for the court to charge in reference thereto.

While counsel for the defendant excepted to the charge of the court as to the rate of speed of trains over country public highway crossings, that exception, undoubtedly, is based solely upon the theory that the petition did not in express terms aver that the defendant was negligent in the operation of its trains at a high and dangerous rate of speed over this crossing. The charge of the court clearly and correctly states the rule of law applicable to the speed of trains at country highway crossings, and is not subject to the objection that it presents an issue of fact to the jury not joined by the pleadings.

[2] The Conformity Act (section 914, U. S. Revised Statutes [Comp. St. § 1537]) does not require the court to give instructions to the jury before argument, requested by a party to the suit as provided in section 11447 of the General Code of Ohio. In Lincoln v. Power, 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224, it is expressly held that:

"Judges of the federal courts are not controlled in their manner of charging juries by the state regulations. Such part of their judicial action is not within the meaning of section 914 [of the Revised Statutes]." Yates v. Whyel Coke Co., 221 Fed. 603, 137 C. C. A. 327.

It is further insisted upon the part of the plaintiff in error that the court erred in overruling its motion, at the close of all the evidence, for a directed verdict, for the reason that there is no evidence tending to prove that the whistle was not sounded and the bell was not rung, as required by the statute of the state in which this accident occurred. Among other authorities, counsel for plaintiff in error cite the opinion of the District Court in directing a verdict for defendant in the case of Begert v. Payne, which involved substantially the same question presented by the motion of this defendant for a directed verdict. The judgment in that case was recently reviewed, and reversed by this court. 274 Fed. 784. It is therefore unnecessary to repeat here what was said in the opinion in that case by Knappen, Judge, speaking for the court, upon this particular question. For the reasons stated in that opinion, this assignment of error must be overruled.

[3] It is further claimed on behalf of the plaintiff in error that the decedent and the plaintiff, who was driving the car in which decedent was riding at the time of the accident, were each guilty of negligence directly contributing to the injury and death of the decedent. This court has no authority to review and reverse this judgment upon the weight of the evidence. R. S. § 1011 (Comp. St. § 1672). No exceptions were taken to the charge of the court upon this issue. Therefore, if there is any conflict in the evidence tending to prove or disprove contributory negligence, this assignment of error must be overruled.

[4] The burden of proof is upon the defendant to establish the defense of contributory negligence by a preponderance of the evidence. Railroad Co. v. Griffith, 159 U. S. 603, 16 Sup. Ct. 105, 40 L. Ed. 274; Continental Improvement Co. v. Stead, 95 U. S. 161, 24 L. Ed. 403. While contributory negligence must be affirmatively shown, nevertheless it is a fact that may be established, the same as any other fact in the case by any competent and material evidence, either direct or circumstantial.

[5] If it were conceded that the driver of the car in which Rose Haubert was riding at the time of the accident was guilty of contributory negligence, it does not necessarily follow that Rose Haubert herself was guilty of negligence contributing to her injury, or that the negligence of the driver should be imputed to her, nor would the negligence of the driver require the trial court to direct a verdict for the defendant. The trial court properly charged the jury in reference to the question of imputed negligence of a person riding in an automobile either as passenger merely, or engaged in a joint enterprise with the driver. The court also charged that if the driver, who was the husband of the decedent and the plaintiff's administrator in this case, was guilty of negligence, his negligence would not be a defense which would defeat a recovery, but it must be taken into account by the jury in reducing the damages which the plaintiff is entitled to recover; in other words, that if John Haubert himself were guilty of contributory negligence, he would not be entitled to have any sum included in the verdict of the jury for and on his behalf for any damages he may have sustained by reason of the death of his intestate. The verdict of the jury is a general verdict. The presumption obtains that, if the jury found John Haubert guilty of any contributory negligence, it followed the instructions of the court in assessing the damages sustained by other beneficiaries. It further appears from the record that the trial court reduced the verdict of the jury from $15,000 to $10,000. Certainly this is not an excessive sum for the two children of the deceased, even if the husband were to be entirely excluded from participating in this recovery.

The presumption also obtains that the jury, in arriving at its general verdict in favor of the plaintiff, found against the contention of the defendant that the deceased and the driver of the car in which she was riding at the time of the accident were engaged in a joint enterprise, and therefore its verdict must be considered upon the theory only, that she was a passenger in the automobile which was in charge of and driven by her husband. While the death of the plaintiff's intes-

tate precluded the possibility of her testifying as to the care exercised by her, nevertheless, the presumption obtains that she was exercising due care for her own safety. This presumption must be overcome by evidence of a substantial nature before a jury would be warranted in finding that she was in fact guilty of contributory negligence. The evidence tending to prove contributory negligence on the part of the deceased is not so absolute and conclusive in its nature as would require or authorize a trial court to withdraw that question from the jury and direct a verdict for the defendant.

[6] In disposing of a motion to direct a verdict, the trial court cannot weigh the evidence, but must take that view of the evidence which is most favorable to the parties against whom the motion is made, and deny the motion, if the evidence, when thus viewed, will warrant the conclusion that fair-minded men might honestly draw different conclusions therefrom. Leahy v. Railway Co. (C. C. A. 6) 240 Fed. 82, 153 C. C. A. 118. Under the facts and circumstances disclosed by the evidence in this case, the question of contributory negligence on the part of Rose Haubert was clearly a question for the jury.

For the reasons above stated, the judgment of the District Court is affirmed.