**DRAISNER v. LOWENSTEIN et al.**

No. 10762.

United States Court of Appeals
District of Columbia Circuit.

Argued March 26, 1952.

Decided June 26, 1952.

Herman Miller, Washington, D. C., for appellant.

Arthur L. Willcher, Washington, D. C., with whom Harry W. Goldberg, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Mr. and Mrs. Lowenstein, appellees here, brought this suit in the District Court against appellant Draisner to recover damages for breach of fiduciary relationship. Draisner, a business-chance broker, had aided in arranging the purchase of a business by the Lowensteins from Mr. and Mrs. Ernest Botwinik in February 1946. The purchase price was $13,500. The cash payment was $5,000; of this, the plaintiffs put up $2,000, borrowing the remaining $3,000 from or through Draisner, who obtained security in the form of a second deed of trust.[1] The Botwiniks were secured by a first deed of trust. The Lowensteins soon ran into difficulties in operating the business. On June 21, 1946, a so-called trust agreement was signed by Lowenstein and Draisner, under which the latter was named as "trustee" to operate the business "in the best interests of the trustor [Lowenstein] and of the parties secured by chattel trusts upon the said business."

Shortly thereafter the holders of the first trust (the Botwiniks) began foreclosure proceedings, alleging that the agreement of June 21 and Draisner's activity under it, especially the sale of certain merchandise in bulk, had breached the covenants of the first deed of trust. A receiver was appointed in the foreclosure suit and a sale of the property was had in September 1946, at which some $3,000 was realized. A deficiency judgment of a little more than $5,600 was rendered against the Lowensteins. The latter thereupon brought this

1. It is disputed whether Draisner revealed the fact that he was putting up his own funds. The deed of trust ran to a straw party.

action against Draisner. The jury found for the plaintiffs, assessing damages at the amount of the deficiency judgment. Judgment was entered against defendant in that amount. The jury also found against defendant on his counterclaim for $2,700, based on the note and second deed of trust given him by the plaintiffs. The total detriment to Draisner thus approximated $8,300. This appeal followed.

A number of issues have been raised in this court. Since our conclusion as to one of them requires reversal, we do not reach the others. On the issue of damages the trial judge charged the jury as follows:

"Now, the plaintiffs ask you to find in their favor, and should you find for the plaintiffs, then you may find that they have been damaged in the amount of $5,639.05 which is the amount of the deficiency judgment, and the investment of $2,000 that they put into it; either or both.

"If you find for the plaintiffs at all, you can find either $5,639.05 or $2,000, or both."

■ We think this charge was erroneous. The amount of the deficiency judgment reflects the fact that on sale the assets did not realize enough to discharge the first mortgage; it is not a fair or accurate measure of the loss flowing from any misconduct on Draisner's part. Nor is the amount of cash the Lowensteins invested in the business any measure of that loss. There was evidence, which the jury might well have believed, that the business had substantially deteriorated during the Lowensteins' operation of it prior to June 21, 1946, the date Draisner took over. Draisner was not chargeable for any loss resulting from poor management during that earlier time.

■ The primary measure of Draisner's responsibility was any decline in the value of the business after June 21, to the extent that that decline in value was the consequence of misconduct on his part (through the causation of foreclosure or otherwise). "It is well settled that, where a regular and established business is wrongfully injured, interrupted, or destroyed, its owner may recover the damages sustained * * * the correct rule for compensating the injured party being the ascertainment of how much less valuable the business was by reason of the interruption and the allowance of that amount as damages." Yates v. Whyel Coke Co., 6 Cir., 1915, 221 F. 603, 607. Draisner's requested instruction No. 14, which was denied by the trial court, was not artistically drawn, but it was sufficient to make the point just stated. The judgment of the District Court must accordingly be

Reversed.